UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21711-MCALILEY
[CONSENT CASE]

CHRISTOPHER GARCIA,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER GRANTING CONSENT PETITION FOR ATTORNEY'S FEES

The Court previously entered final judgment in favor of Plaintiff, reversed the decision of the Commissioner and remanded this matter for further proceedings. [DE 30]. Plaintiff has now filed an unopposed Petition for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), seeking $3,149.00. [DE 31]. The Commissioner did not file a response.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party. There is also no contention that the Commissioner's position was substantially justified, or that special circumstances make

an award of attorneys' fees unjust. Accordingly, Plaintiff is entitled to recover his attorneys' fees under the EAJA.

As for the amount of those fees, the EAJA provides that: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's attorney asks to be compensated at an hourly rate of $188.00, which certainly is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions. Because the market rate exceeds the $125 per hour statutory rate set by the EAJA, the Court must decide whether to adjust the statutory hourly fee upward to take into account the increase in the cost of living, or special factors. The application of the cost of living adjustment is considered "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992).The Court agrees with Plaintiff that $188.00 per hour is warranted given the increase in the cost of living that has occurred since the EAJA was reenacted in March 1996. The Court also agrees that the 16.75 hours that Plaintiff's counsel devoted to this action are reasonable. [*See* DE 31-2]. Accordingly, Plaintiff is awarded attorney's fees totaling $3,149.00.

In his motion, Plaintiff asks that the attorney's fees award be payable to Plaintiff if he owes a federal debt but, if Plaintiff does not owe a federal debt, that the award be paid directly to Plaintiff's counsel. For the following reasons, this record supports this request.

Attorney's fees awarded under the EAJA are payable to the prevailing party and not to the party's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). That payment, however, is subject to a government offset to satisfy a pre-existing debt that the litigant owes the United States. *Id.*

A prevailing litigant may assign his right to recover EAJA fees to his attorney, which Plaintiff did here. [See DE 31-3]. The assignment, though, is not valid unless it complies with the Anti-Assignment Act, 31 U.SC. § 3727(b). *See Sanchez v. Commissioner of Social Security*, No. 6:11-cv-1745-Orl-22GJK, 2013 WL 1611332 at *1 (M.D. Fla. March 28, 2013) (*adopted by Sanchez v. Commissioner of Social Security*, 2013 WL 1611329 (M.D. Fla. April 15, 2013); *see also Young v. Astrue*, No. 3:09-CV-132-CDL-MSH, 2011 WL 1196054 at *3 (M.D. Ga. Feb. 24, 2011) (finding that "the Anti-Assignment Act [31 U.S.C. § 3727] applies to EAJA awards") (citations omitted) (*adopted by Young v. Astrue*, 2011 WL 1154362 (M.D. Fla. March 28, 2011).

The Anti-Assignment Act specifies the circumstances under which a claim against the United States can be assigned. It states in pertinent part that:

> A transfer or assignment of any part of a claim against the United States … or the authorization to receive payment for any part of the claim … may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses.  The person making

> the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(a), (b).

Plaintiff's assignment does not comply with the statute because it was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, it is not attested to by two witnesses and it has not been certified by an official. [DE 31-3]. Although Plaintiff's assignment is invalid, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize the Plaintiff's assignment. *See Delmarva Power & Light Co. v. U.S.*, 542 F.3d 889, 893-94 (Fed. Cir. 2008). The Commissioner did so here, as she did not oppose Plaintiff's motion which clearly requested that any fee award be paid to Plaintiff's counsel if Plaintiff does not owe a federal debt.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Consent Petition for Attorney Fees [DE 31], is **GRANTED**, Plaintiff is hereby awarded **$3,149.00** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, subject to offset against any pre-existing debt that Plaintiff may owe to the United States.

**IT IS FURTHER ORDERED** that if there is any amount remaining after offset, or if offset is unnecessary because the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States, it shall be paid directly to Plaintiff's attorney, Luis A. Segarra, Esq.

**DONE AND ORDERED** in chambers in Miami, Florida this 17th day of January, 2017.

                                                                          _____
                                                                          CHRIS MCALILEY
                                                                          UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record